# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CORINTHIA PATRICIA HAMILTON, | : | CASE NO. 18-20742 (JJT) |
| | : | |
| DEBTOR. | : | |

## DECISION ON MOTION TO RECONSIDER OR EXTEND TIME TO FILE A NOTICE OF APPEAL

Before the Court is the Debtor's motion ("Motion," ECF No. 45) to reconsider the Court's order granting relief from the automatic stay (ECF No. 23) to HSBC Bank USA, National Association as Trustee for Renaissance Home Equity Loan Asset-Backed Certificates, Series 2007-3. The Debtor previously asked this Court to reconsider its decision (ECF No. 25), which the Court denied (ECF No. 26) on September 5, 2018 for failure to timely object or raise any bona fide standing issues.

On September 12, 2018, the Debtor was discharged (ECF No. 30). The bankruptcy case was closed on September 17, 2018. Then, on October 15, 2018, the Debtor moved for reconsideration of the premature closing of her bankruptcy case and for her notice of appeal to be considered timely filed (ECF No. 32). In that motion, the Debtor avers that she attempted to appeal her previous motion for reconsideration on October 5, 2018 but that her appeal was denied due to the bankruptcy case's closure on September 17, 2018.

Turning to the merits, the Debtor's reconsideration arguments in the Motion are unavailing. The Court has addressed them in its previous decision denying reconsideration and its reasoning remains the same.

As for the Debtor's request to extend time to file a notice of appeal, the Court is not convinced that the premature closing of the bankruptcy case had any bearing on her appeal rights. "Courts have uniformly held an order lifting the automatic stay to be final and appealable[.]" *BancTexas Dallas, N.A. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 880 F.2d 1509, 1511 (2d Cir. 1989). After the Court denied reconsideration on September 5, 2018, the Debtor then had fourteen days to file a notice of appeal, Fed. R. Bankr. P. 8002(a)(1); however, the Debtor admits that she did not do so until thirty days had passed. Although the Debtor is self-represented, "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995). Because the Debtor's notice of appeal would not have been timely even if her bankruptcy case had not been closed, the Court denies the Debtor's request to extend time to file a notice of appeal.

The Debtor's Motion is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 2nd day of January 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut